UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BROOCKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C R BARD INCORPORATED, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01228-DAD-BAM<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF LISA BROOCKS**<br><br>(Doc. No. 42) |

Pending before the Court is the motion of Ben C. Martin, Laura J. Baughman, and Thomas Wm. Arbon of the Law Office of Ben C. Martin, now known as Martin Baughman, PLLC ("Movants"), to withdraw as attorney of record for Lisa Broocks ("Plaintiff"). (Doc. No. 13.) The matter was heard on February 28, 2020, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Laura J. Baughman and Christine Woods appeared by telephone. Plaintiff Lisa Broocks appeared in person. Counsel Shawtina Lewis appeared by telephone on behalf of Defendants C R Bard Incorporated and Bard Peripheral Vascular Incorporated.

Having considered the moving papers, arguments and records in this action, the motion to withdraw as counsel of record will be GRANTED.

## **BACKGROUND**

This case was transferred to this Court on September 6, 2019, from a multidistrict litigation proceeding ("MDL") before Senior District Judge David G. Campbell in the United States District Court for the District of Arizona involving personal injury cases brought as a

1

1 result of certain inferior vena cava ("IVC") filters manufactured by Defendants. (Doc. Nos. 3, 5.) On December 27, 2019, the Court issued a Scheduling Order in this case setting deadlines for amendment of the pleadings, initial disclosures, expert and non-expert discovery, and dispositive motions. (Doc. No. 39.)

On January 17, 2020, Plaintiff's counsel filed the instant motion to withdraw as attorney of record. (Doc. No. 42.) On January 29, 2020, the Court issued an order setting this matter for hearing on February 28, 2020, and directing Plaintiff's counsel to serve Plaintiff with copies of the motion and the Court's order. (Doc. No. 43.) Any opposition or statement of non-opposition was to be filed on or before February 14, 2020. (*Id.*)

On February 5, 2020, Plaintiff's counsel filed a proof of service indicating that the motion and the Court's January 29, 2020 order had been served on Plaintiff by certified mail at her last known address and that Plaintiff had signed for the documents on February 3, 2020. (Doc. No. 45.) On February 6, 2020, Defendants filed a statement of non-opposition to the motion. (Doc. No. 46.)

To date, no opposition has been submitted or otherwise filed with the Court. Plaintiff appeared in person and opposed the motion at the hearing.

## DISCUSSION

### A. Motion to Withdraw

According to the motion, Plaintiff's counsel moves to withdraw because counsel "through a letter has terminated the attorney-client relationship with Plaintiff. A conflict had arisen between counsel and [Plaintiff]." (Doc. No. 43.) Counsel also requests that Plaintiff be given sixty (60) days to retain successor counsel. (*Id.*)

### B. Legal Standard

In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or

> addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d); *see also Thomas v. Experian Info. Sols., Inc.*, 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (finding that the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The Rules of Professional Conduct of the State Bar of California provide that an attorney may withdraw from representation if the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively." California Rules of Professional Conduct, Rule 1.16(b)(4). The Rules also allow for permissive withdrawal where "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Rule 1.16(b)(10). As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court. *Thomas* 2014 WL 7359180, at *1; *Canandaigua*, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua*, 2009 WL 89141 at *1. "In determining whether good cause for withdrawal exists, courts have considered whether the client is cooperative or seeks to dictate litigation strategy." *Id.* at *2 (citation omitted).

**C.     Analysis**

In this case, the Court finds that the conduct of Plaintiff renders it unreasonably difficult for Movants to carry out their employment effectively. The Court also finds that Movants have

3

1 demonstrated good cause for permissive withdrawal as attorney of record for Plaintiff.  Given the
2 procedural posture of this case, withdrawal will not result in prejudice to the other litigants, nor
3 will it cause harm to the administration of justice and/or unduly delay the resolution of the case.
4 The Court notes that Messrs. Martin and Arbon are not admitted to practice before this Court and
5 have previously been terminated as counsel of record for Plaintiff.  (See Doc. Nos. 37-38, 40-
6 41.)  Nonetheless, the motion to withdraw shall be granted as to all Movants and Lisa Broocks
7 will be substituted in propria persona in place and stead of Movants.  The Court will further grant
8 Plaintiff a brief extension of time to secure new counsel.

## **CONCLUSION AND ORDER**

For the reasons stated, the Court HEREBY ORDERS as follows:

1. The motion to withdraw as attorney of record for Plaintiff Lisa Broocks filed by Ben C. Martin, Laura J. Baughman, and Thomas Wm. Arbon of the Law Office of Ben C. Martin, now known as Martin Baughman, PLLC (Doc. No. 42) is GRANTED;

2. Lisa Broocks is substituted *in propria persona* in place and stead of Ben C. Martin, Laura J. Baughman, and Thomas Wm. Arbon of the Law Office of Ben C. Martin, now known as Martin Baughman, PLLC;

3. The Court SETS a STATUS CONFERENCE for **May 6, 2020, at 9:00 AM in Courtroom 8 (BAM) before the undersigned**.  The purpose of the conference will be to address whether Ms. Lisa Broocks has secured new counsel or intends to represent herself in propria persona.  The parties are encouraged to appear at the status conference by telephone with each party using the following dial-in number and access code: **dial-in number 1-877-411-9748; access code 3219139**; and

4. The Clerk of the Court is directed to update the docket with the contact information of Lisa Broocks at her last known address:

> Lisa Broocks
> 716 Santa Alicia Drive
> Rhonert Park, CA 94928

Plaintiff is advised that pursuant to Local Rules 182(f) and 183(b) she is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number.

IT IS SO ORDERED.

Dated: **March 2, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE